UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYWUAN MATHENY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-00518-TWP-DKL |
| ) | |
| USA, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying a Certificate of Appealability**

On July 16, 2015, Petitioner Tywuan Matheny ("Matheny") pled guilty to bank robbery and brandishing a firearm and was sentenced to a total of 252 months in case number 1:14-cr-210-TWP-TAB-1. Judgment of conviction was entered on July 23, 2015. Matheny now seeks relief from that conviction and sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, Matheny's § 2255 motion is **denied** and a Certificate of Appealability shall not issue.

**I. Background**

On October 15, 2014, Matheny was charged by Indictment with armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Matheny pled guilty under a Plea Agreement reached pursuant to Fed. R. Crim. P. 11(c)(1)(B). The Plea Agreement stipulated that Matheny is classified as a Career Offender and recommended a Guideline Range of 272-319 months under USSG § 4B1.1(c)(2). Matheny was found to be a Career Offender under the Sentencing Guidelines based on his prior criminal convictions. On July 23, 2015, the Court sentenced Matheny to 164 months

for bank robbery and 84 months for brandishing a firearm, to be served consecutively for an aggregate term of 252 months imprisonment.

## II. The § 2255 Motion

Matheny, in a *pro se* petition, now seeks relief pursuant to 28 U.S.C. § 2255 arguing that his counsel was ineffective in advising him regarding his plea negotiations and that his sentence is unlawful.

A. *Ineffective Assistance*

Matheny argues that his counsel was ineffective in failing to adequately advise him related to plea negotiations, sentence exposure, and information needed to make an intelligent decision whether to plead guilty or risk trial and the ramification of the career application of his prior convictions. (Dkt. 2 at 3.) Specifically, he alleges counsel advised him that he could plead only to the plea agreement offered by the United States and failed to advise him of the consequences of his plea of guilty. Matheny further alleges his counsel "assured that he was only facing a maximum of twelve to fifteen years." (Dkt. 2 at 5.)

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

2

### 1. Advice Regarding Negotiating a More Favorable Plea

First, Matheny asserts that his counsel was ineffective because he did not advise Matheny of the possibility of negotiating a more favorable plea agreement than the one to which he agreed. But "[t]he successful negotiation of a plea agreement involves factors beyond the control of counsel, including . . . the cooperation of the prosecutor." *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000) (citations omitted). Matheny presents no evidence or argument that the United States would have offered or accepted a different plea agreement than the one that was reached. He thus has failed to show that a more favorable plea agreement could have been negotiated. In other words, he has failed to show both that his counsel's performance was deficient in this regard, or that any alleged deficiency prejudiced him.

### 2. Advice Regarding the Plea Agreement

Matheny also argues that his counsel was ineffective because he failed to accurately explain the terms of the plea agreement to him. However, the Plea Agreement clearly explains the factual basis for the agreement and the potential sentences. (Crim. Dkt. 73:1-2, 7-8).[1] The Plea Agreement stated that the possible sentence for bank robbery was not more than twenty-five years and the possible sentence for brandishing a firearm was not less than seven years. (Crim. Dkt. 73:1-2). Based on this, therefore, Matheny was facing a sentence of up to thirty-two years or more. Matheny confirmed that he understood the consequences of the Plea Agreement. The Plea Agreement states:

> the determination of the sentence is within the discretion of the Court. . . . [I]f the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different sentencing guideline applies in this case, or decides to depart from the otherwise applicable sentencing guideline range . . . then

---

[1] References to the docket of Matheny's criminal docket, No. 1:14-cr-210-TWP-TAB-1, are identified as "Crim. Dkt.".

3

> [Matheny] will not be permitted to withdraw his plea of guilty for that reason and will be bound by his plea of guilty.

(Crim. Dkt. 73:3-4). Matheny then affirmed that he had read and discussed the agreement with his attorney and that the terms of the plea agreement "correctly reflect the results of plea negotiations." Matheny also affirmed his understanding of his plea agreement and its possible consequences at the change of plea hearing. He affirmed on the record, that he understood that the sentence for armed bank robbery could be as much as twenty-five years:

> THE COURT: This is a Class B felony that under statutory provisions carries 25 years' imprisonment and up to $250,000 in a fine; do you understand?
>
> THE DEFENDANT: Yes, Your Honor.

(Crim. Dkt. 92; Tr. at 6). He also affirmed that he could be sentenced consecutively to not less than seven years for brandishing a firearm.

> THE COURT: . . . . Not less than seven years that must be served consecutive to any other term of imprisonment imposed and a $250,000 fine; do you understand?
>
> THE DEFENDANT: Yes, Your Honor.

Matheny also affirmed that he had read and discussed his plea agreement with his attorney and that he was satisfied with his attorney's representation.

> THE COURT: Thank you. Mr. Matheny, Mr. Dazey has been appointed to represent you. Have you had sufficient time to talk with Mr. Dazey about the Government's evidence in this case?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And have you been able to talk with Mr. Dazey about ways in which you might defend yourself when you were making the decision whether you were going to proceed to a trial by jury or enter into a guilty plea?
>
> THE DEFENDANT: Yes, Your Honor.

> THE COURT: Are you fully satisfied with the counsel, representation, and the advice that has been given to you in this case by your attorney?
>
> THE DEFENDANT: Yes, Your Honor.
>
> ***
>
> THE COURT: . . . .Sir, did you read and fully discuss this plea agreement with Mr. Dazey before you signed it?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you feel that you understand the terms and conditions of your plea agreement?
>
> THE DEFENDANT: Yes, Your Honor.

(Crim. Dkt. 92; Tr. at 8-9).

Finally, Matheny affirmed his understanding that the imposition of the sentence would be within the Court's discretion and would be final even if the Court's sentence was beyond the range requested by counsel.

> THE COURT: All right. We are going to go through your plea agreement. Your plea agreement is pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), which means this is not a binding plea agreement. So the ultimate determination of your sentence is left to my discretion; do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

(Crim. Dkt.; Tr. at 12).

> THE COURT: Mr. Matheny, if I decide to impose a sentence either higher or lower than any recommendation that you and Mr. Dazey make or higher or lower than any recommendation that the Government makes, or I decide to determine a different sentencing guideline range applies in this case or if I decide to depart from the guideline sentencing range, you will not be permitted to withdraw your plea of guilty for that reason, and you will still be bound by your plea of guilty; do you understand?
>
> THE DEFENDANT: Yes, Your Honor.

(Crim. Dkt.; Tr. at 16).

In other words, Matheny swore under oath that he read and discussed the Plea Agreement with his attorney and that the terms of the Agreement "correctly reflect[ed] the results of plea negotiations." (Crim. Dkt. 73:8). Matheny is bound by these statements and cannot now argue that he did not understand the Plea Agreement or its potential consequences. *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999); *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *see Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted); *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) ("Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity."), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008). He thus has not shown that his attorney was ineffective in explaining the plea agreement to him.

B. *Sentence*

Matheny also argues that his sentence is in excess of the maximum authorized by law based on the recent Supreme Court case in *Johnson v. United States*, 135 S.C.t 2551 (2015). In *Johnson*, the Supreme Court considered the portion of the Armed Career Criminal Act referred to as the "residual clause," which imposes a sentence enhancement when a defendant has been convicted of prior crimes that "involve[] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The *Johnson* Court held the residual clause unconstitutional because it is too vague to provide adequate notice of the conduct being punished. *Johnson*, 135 S.Ct. at 2557-60. Matheny appears to argue that the reasoning of *Johnson* should apply to his

6

conviction for brandishing a firearm in relation to a crime of violence and to the enhancement of his sentence under the Sentencing Guidelines.

### 1. Brandishing a Firearm

First, Matheny appears to challenge his conviction and sentence for brandishing a firearm in relation to a crime of violence. Matheny was convicted of brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii), which provides that "any person who, during and in relation to any crime of violence . . . [,] uses or carries a firearm . . . shall, in addition to the punishment provided for such crime of violence . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years." Matheny seems to argue that, under the reasoning in *Johnson*, this statute is also unconstitutionally vague and his conviction under it should therefore be vacated. Such an argument, however, has been rejected by the Seventh Circuit. That Court has held that a person convicted of attempted bank robbery can also face conviction for brandishing a firearm in relation to a crime of violence. *United States v. Armour*, 840 F.3d 904, 907 (7th Cir. 2016). Rejecting a vagueness challenge, the Court explained that the federal crime of attempted armed bank robbery qualifies as a crime of violence under the "elements" clause of the definition, not the residual clause, and the elements clause is not unconstitutionally vague. *Id.*; *see also Meeker v. United States*, No. 14-CR-110-JDP, 2016 WL 7388406, at *2 (W.D. Wis. Dec. 21, 2016) (finding that a conviction for armed bank robbery qualified as a crime of violence). Because the statute under which he was convicted is not unconstitutionally vague, Matheny has not shown that this conviction should be vacated.

2. Enhancement

Matheny also challenges the enhancement of his sentence as a career offender. His sentence was enhanced under the Sentencing Guidelines for, among other things, two prior convictions for class B felony robbery in Indiana. He argues, based on the reasoning in *Johnson*, that he is "factually innocent" of being a career offender.

As applicable to Matheny's sentence, under the Sentencing Guidelines, a defendant is a career offender if: (1) he was at least 18 years old at the time he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).  Like the Armed Career Criminal Act, the Guidelines define a "crime of violence" as one that "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). The Supreme Court recently considered whether to invalidate this portion of the sentencing guidelines as unconstitutionally vague based on the reasoning in *Johnson*. *Beckles v. United States*, __ S.Ct. __, 2017 WL 855781 (March 6, 2017). The Court held that the residual clause of § 4B1.2(a)(2) is *not* unconstitutionally vague. *Id.* at *3. Because § 4B1.2(a)(2) is not unconstitutionally vague, Matheny's sentence was not enhanced improperly and his challenge that it was fails.

### III. Conclusion and Certificate of Appealability

For the reasons explained above, Matheny is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel and his sentence is not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with

prejudice. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:14-cr-210-TWP-TAB-1**.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Matheny has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/13/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TYWUAN MATHENY
12474-028
BIG SANDY - USP
BIG SANDY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 2068
INEZ, KY 41224

Brian Lee Reitz
UNITED STATES ATTORNEY'S OFFICE
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov